## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| NAVA MCBEE, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>KNEW CONSCIOUS COLLECTIVE INC. and LEAH HAGEMANN,<br><br>    Defendants. | **Case No.: 1:26-cv-375 (DDD) (NRN)**<br><br>**PLAINTIFF'S REPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)** |

Plaintiff Nava McBee (hereinafter "Plaintiff" or "McBee") respectfully submits this response in opposition to Defendants' motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Civil Rules of Procedure (hereinafter referred to as "Rules" or the "Rules"), and states as follows:

## LEGAL STANDARD

### A.  Rule 12(b)(1) Subject Matter Jurisdiction

"Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss for lack of subject-matter jurisdiction, 'mounting either a facial or factual attack.'" See Huss v. United States Bank, Civil Action No. 1:24-cv-01912-DDD-NRN, 2025 U.S. Dist. LEXIS 177245, at *3-4 (D. Colo. Aug. 18, 2025) (citing Baker v. USD 229 Blue Valley, 979 F.3d 866, 872 (10th Cir. 2020)).

A facial attack challenges the sufficiency of the complaint's factual allegations as to subject-matter jurisdiction, while a factual attack challenges the facts on which subject-matter jurisdiction depends. Id. (citing Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). When reviewing a facial attack on a complaint, a district court must accept the allegations in the complaint as true. Id. (citing Id. at 1002). Factual attacks, however, go "beyond the allegations in the complaint and adduce[] evidence to contest jurisdiction," Id. (citing Baker, 979

F.3d at 872), and when reviewing a factual attack, the court "may not presume the truthfulness of the complaint's factual allegations," Id. (citing Holt, 46 F.3d at 1003). The court must instead make its own findings as to the relevant jurisdictional facts. Id. In doing so, the court has wide discretion to consider affidavits, documents, and other evidence outside the pleadings. Id.; accord Baker, 979 F.3d at 872.

### B.     Rule 12(b)(6) Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, accepted as true, allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." See, 2025 U.S. Dist. LEXIS 177245, at *3 (D. Colo. Aug. 18, 2025) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"[A] plaintiff must 'nudge[] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." See Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted). "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" See Robbins v. Okla. ex rel. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008).

### ARGUMENT

### A.     Defendants waived any defenses related to service by appearing without noting any objection to service.

As a preliminary argument, and pursuant to Rule 12, a party may assert insufficient service of process by motion. See Fed. R. Civ. P. 12(b)(5). "A party waives any defense listed in Rule 12(b)(2)–(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading

or in an amendment allowed by Rule 15(a)(1) as a matter of course." <u>See</u> Fed. R. Civ. P. 12(h)(1);

<u>see also</u> <u>Albers v. Bd. of Cty. Comm'rs</u>, 771 F.3d 697, 701 (10th Cir. 2014) ("under Rule 12(h)(1),

a party waives any of the defenses listed in Rule 12(b)(2)-(5) if they are omitted from a

prior Rule 12 motion"); <u>Schober v. Thompson</u>, Civil Action No. 21-cv-01382-NYW-NRN, 2023

U.S. Dist. LEXIS 62894, at *3 (D. Colo. Feb. 8, 2023) ("These restrictions upon successive 12(b)

motions were imposed to 'eliminate unnecessary delay at the pleading stage'").

Here, because Defendants appeared and have not objected to service in their motion to

dismiss, or in any preceding notice of appearance or notice of motion, they must be deemed to

have waived any defenses related to service.

### B.    Plaintiff Plausibly Alleges FLSA Enterprise Coverage

"An employee who seeks to invoke the FLSA must satisfy the requirements for either

enterprise *or* individual coverage." <u>See</u> <u>Harlas v. The Barn, Ltd. Liab. Co.</u>, 853 F. App'x 292, 293

(10th Cir. 2021) (emphasis added).

Under the FLSA, "[e]nterprise engaged in commerce or in the production of goods for

commerce" means an enterprise that— (A) (i) has employees engaged in commerce or in the

production of goods for commerce, or that has employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce by any person; and (ii) is

an enterprise whose annual gross volume of sales made or business done is not less than $500,000

(exclusive of excise taxes at the retail level that are separately stated). <u>See</u> 29 U.S.C.S. § 203(s)(1).

Here, Defendants ran a non-profit art gallery, music venue, and social club. This involved

regular use of instrumentalities and channels of interstate commerce, namely through the telephone

and publishing posts through social media communications. Moreover, the $500,000.00

requirement is sufficiently alleged and can only be proven with discovery from Defendants.

Should the Court not deem federal jurisdiction satisfied by enterprise, Plaintiff respectfully submits that, as argued *infra*, he satisfies individual coverage under the FLSA.

### C.    Plaintiff Adequately Pleads Individual FLSA Coverage

Defendants fail to cite law to support their claim that "[i]ndividual FLSA coverage requires direct, regular, and substantial participation in interstate commerce—not isolated or incidental contacts." See ECF Docket Entry 9 at 5.

The FLSA expressly defines "[c]ommerce" to include "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." See 29 U.S.C. § 203(b). "'For individual coverage, an employee must directly participate in the actual movement of persons or things in interstate commerce.' […]. 'To be engaged in commerce . . . an employee must be actually engaged in the movement of commerce, or the services he performs must be so closely related thereto as to be for all practical purposes an essential part thereof.'" See Harlas v. The Barn, Ltd. Liab. Co., 853 F. App'x 292, 294 (10th Cir. 2021).

Here, Defendants overstate how direct an employee's participation must be to satisfy individual coverage under the FLSA. Individual coverage arises where the employee "must either work for a transportation or communication industry employer or regularly and recurrently use an instrument of interstate commerce, such as a telephone." See Reagor v. Okmulgee Cty. Family Res. Ctr., Inc., 501 Fed. Appx. 805, 809 (10th Cir. 2012). Alternatively, "the wage and hours provisions of the Act apply typically, but not exclusively, to employees such, as those in the telephone, telegraph, television, radio, transportation and shipping industries, since these industries serve as the actual instrumentalities and channels of interstate and foreign commerce. Similarly, employees of such businesses as banking, insurance, newspaper publishing, and others

which regularly utilize the channels of interstate and foreign commerce in the course of their operations, are generally covered by the Act." See 29 C.F.R. § 776.10(a).

Here, Plaintiff worked as a General Manager for Defendants, who ran a non-profit art gallery, music venue, and social club. This involved regular use of instrumentalities and channels of interstate commerce, namely through the telephone and publishing posts through social media communications.

To the extent the Court deems Plaintiff's pleading insufficient on either the enterprise and/or individual coverage point(s), Plaintiff requests leave to amend the Complaint accordingly.

Accordingly, the parties are covered employers and a covered employee under the FLSA.

**D.     The Complaint Adequately States a Plausible Claim Against Leah Hagemann Individually**

Defendants fail to cite law to support their claim that "[t]o state an FLSA claim against an individual defendant, Plaintiff must plead facts supporting employer status under the economic-realities analysis, including allegations regarding operational control over employment decisions and wage practices." See ECF Docket Entry 9 at 6.

"'[D]istrict courts within the Tenth Circuit, including Colorado, have applied the economic realities test at both the motion to dismiss and summary judgment phase.'" See Schindler v. Whiting Petroleum Corp., Civil Action No. 17-cv-1051-WJM-NYW, 2017 U.S. Dist. LEXIS 197994, at *7 (D. Colo. Dec. 1, 2017) (internal citation omitted). "Under the economic realities test, courts will consider 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.' […]. 'No one of the four factors standing alone is dispositive. Instead, the [...] test encompasses the totality of circumstances.'" Id. (internal citation omitted).

Here, Plaintiff has alleged facts regarding Hagemann's employer status. Specifically, Plaintiff has alleged that Hagemann exercised operational control over the Corporate Defendant, had the power to hire and fire Plaintiff as well as set the schedule, wages, and terms & conditions of employment of Plaintiff, and did hire, set the schedule, set the wages, and set the terms of conditions of employment of Plaintiff. See ECF Docket Entry 1 ¶¶ 17-19.

To the extent the Court deems Plaintiff's pleading insufficient on this point, Plaintiff respectfully requests leave to amend the Complaint accordingly.

### E.    Plaintiff's Allegations Are Not Inconsistent with Collective Treatment

"The FLSA permits collective actions where the allegedly aggrieved employees are 'similarly situated.' […]. Whether employees are similarly situated is judged in two stages: a preliminary or "notice stage" (at issue here) and then a more searching, substantive stage, usually after the close of discovery. […]. At the notice stage, a plaintiff must offer 'nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan.'" See Perez v. Denco Constr. LLC, Civil Action No. 24-cv-02766-RMR-NRN, 2025 U.S. Dist. LEXIS 179456, at *5 (D. Colo. Sep. 12, 2025) (citing 29 U.S.C. § 216(b) and Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102-03, 1105 (10th Cir. 2001)).

Here, it is premature for Defendants to raise issue with collective treatment prior to discovery. At this stage, it is sufficient for Plaintiff to allege that there were other employees of Defendants, who may have been subject to similar wrongful conduct under the FLSA.

To the extent the Court deems Plaintiff's pleading insufficient on this point, Plaintiff requests leave to amend the Complaint accordingly.

### F.    Prospective and Collective Claims Against Knew Conscious Are Not Moot

"A dissolved corporation continues its corporate existence but may not carry on any business except as is appropriate to wind up and liquidate its business and affairs, including: […] (c) Discharging or making provision for discharging its liabilities." See Colo. Rev. Stat. § 7-114-105(1). Moreover, "[d]issolution of a corporation does not: (e) Prevent commencement of a proceeding by or against the corporation in its name; or (f) Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution." See Colo. Rev. Stat. § 7-114-105(2).

Moreover, Defendants identify no authority holding that an employer must remain operational or continue employing workers for former employees to pursue accrued FLSA claims collectively under 29 U.S.C. § 216(b).

Note that the relief Plaintiff seeks is not only forward-looking ("[g]rant[ing] an injunction and order permanently restraining Defendants from engaging in such unlawful conduct"), but primarily includes relief aimed at redressing past harm, including "[d]eclar[ation] that the practices complained of herein are unlawful under applicable Federal and State laws;" "[d]eclar[ing] this action to be maintainable as a collective action […];" "[d]esignat[ing] Plaintiff as the representatives of the FLSA Collective Members, and his counsel of record as class counsel;" "Determin[ing] the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective Members, plus such pre-judgment and post-judgment interest as may be allowed by law;" "[d]eclar[ing] this action to be maintainable as a class action pursuant to FRCP 23[…];" "[d]esignat[ing] Plaintiff as the representatives of the Class, and his counsel of record as class counsel;" "[d]esignat[ing] Plaintiff as the representatives of the Subclass, and their counsel of record as class counsel;" "[d]etermin[ing] the damages sustained by Plaintiff, the Class,

and the Subclass as a result of Defendants' violations of the Colorado Wage Act and the Colorado Overtime and Minimum Pay Standards (COMPS) Order, and award those damages against Defendants and in favor of Plaintiff, the Class, and the Subclass, plus such pre-judgment and post-judgment interest as may be allowed by law;" "[a]ward[ing] Plaintiff, the FLSA Collective, the Class, and the Subclass an additional equal amount as liquidated damages because Defendants' violations were without a good faith basis;" "[a]ward[ing] Plaintiff, the FLSA Collective, the Class, and the Subclass their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees;" and "[g]rant[ing] Plaintiff, the FLSA Collective, the Class, and the Subclass such other and further relief that the Court deems just and proper." See ECF Docket Entry 1 at 19-20. Accordingly, since the Complaint principally seeks retrospective relief, it should not be dismissed in whole. See Smith v. Becerra, 44 F.4th 1238, 1247 (10th Cir. 2022) ("We take a claim-by-claim approach to mootness and 'must decide whether a case is moot as to 'each form of relief sought.'' […]. The defendant bears the burden of establishing that a 'once-live case has become moot.' […]. An injunctive relief claim becomes moot when the 'plaintiff's continued susceptibility to injury' is no longer 'reasonably certain' or is based on 'speculation and conjecture'") (internal citations omitted)); see also Lippoldt v. Cole, 468 F.3d 1204, 1217 (10th Cir. 2006) ("'[B]y definition claims for past damages cannot be deemed moot'") (internal citation omitted).

Further, "'a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued.'" […]. 'Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends.' […]. To address this concern, the Supreme Court has held that 'a defendant claiming that its voluntary compliance moots a case bears the formidable burden of

8

showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" See Smith v. Becerra, 44 F.4th 1238, 1250 (10th Cir. 2022) (internal citations omitted). Thus, even the Complaint's sought injunctive relief is not moot, because it remains certain that such injury would persist, should the corporation come back to life, or should Hagemann continue employing the FLSA Collective Members, Class, or Subclass. Defendants have not met the heavy burden of showing that their wrongful behavior could never recur.

### G.    The Court Should Exercise Supplemental Jurisdiction Over State Law Claims

As set forth *supra*, there exists independent basis for federal subject matter jurisdiction under the FLSA. Thus, pursuant to 28 U.S.C. § 1367(a), this Court must exercise supplemental jurisdiction over the remaining Colorado state-law claims, because those claims arise from the same nucleus of operative facts as Plaintiff's federal claims and therefore "form part of the same case or controversy under Article III." See United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138 (1966); see also 28 U.S.C. § 1367(a).

### G.    In the Unlikely Event of Dismissal, Leave to Replead Should be Granted

"The court should freely give leave when justice so requires." See Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" See Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citation omitted). "'In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require,  [**25]  be 'freely given.'" See Minter v. Prime Equip. Co.,

451 F.3d 1196, 1204 (10th Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

<strong><u>CONCLUSION</u></strong>

For all the foregoing reasons, Defendants' motion should be denied in its entirety. To the extent the Court deems Plaintiff's pleading(s) insufficient on any point, Plaintiff requests leave to amend the Complaint accordingly.

Dated: Jamaica, New York
     July 13, 2026                    Respectfully submitted,

                             **SAGE LEGAL LLC**

                             */s/ Emanuel Kataev, Esq.*
                             Emanuel Kataev, Esq.
                             18211 Jamaica Avenue
                             Jamaica, NY 11423-2327
                             (718) 412-2421 (office)
                             (917) 807-7819 (cellular)
                             (718) 489-4155 (facsimile)
                             emanuel@sagelegal.nyc

                             *Attorneys for Plaintiff*
                             *Nava McBee*
                             *and all others similarly situated*

**<u>VIA ECF</u>**
All counsel of record