## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv—00375-DDD

NAVA MCBEE, on behalf of himself and all others similarly situated,

     Plaintiff

vs.

KNEW CONSCIOUS COLLECTIVE INC. ., a dissolved Colorado nonprofit corporation, and
LEAH HAGEMANN, an individual

     Defendants.

_____

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

_____

Defendants Knew Conscious Collective Inc. ("Knew Conscious") and Leah Hagemann ("Hagemann"), by and through counsel, respectfully submit this Reply in Support of their Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### I.    PRELIMINARY STATEMENT

Plaintiff Nava McBee's Response in Opposition ("Response") confirms, rather than cures, the fatal pleading deficiencies identified in Defendants' Motion to Dismiss. Instead of pointing to well-pleaded factual allegations within his Complaint, Plaintiff relies on circular legal arguments, speculation about what discovery might reveal, and factual assertions completely absent from his pleading.

As a preliminary matter, Plaintiff's contention that Defendants "waived any defenses related to service" is an absolute red herring. Defendants did not move to dismiss for insufficient service of process under Rule 12(b)(5). Rather, Defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6) because Plaintiff failed to plead the fundamental statutory prerequisites to

1

establish subject matter jurisdiction and state a claim under the Fair Labor Standards Act
("FLSA").

On the substance, Plaintiff's Response confirms that her claims lack factually sufficient
allegation and rest on a desire to conduct discovery to find facts to support his claims, rather than
on existing facts that Plaintiff can actually allege now to make her claim plausible. Dismissal is
required.

## II.    ARGUMENT

### A. Plaintiff Confesses She Lacks Facts to Support FLSA Enterprise Coverage

To establish enterprise coverage under the FLSA, a plaintiff must plausibly allege that the
employer has an annual gross volume of sales made or business done of at least $500,000. Rather
than pointing to any actual facts in his Complaint to satisfy this threshold, Plaintiff openly admits
in her Response that the "$500,000.00 requirement... can only be proven with discovery from
Defendants".

This concession is dispositive. Rule 8 requires a plaintiff to plead sufficient facts to make
their entitlement to relief plausible *before* unlocking the doors to discovery. Under *Bell Atlantic
Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),
federal courts have repeatedly rejected the notion that a plaintiff may file a lawsuit first and
search for supporting facts later. Because Plaintiff explicitly acknowledges that he cannot
presently allege facts supporting the statutory revenue threshold, the Complaint fails to plausibly
plead enterprise coverage.

Furthermore, Plaintiff argues that Knew Conscious constitutes an FLSA-covered enterprise
because it operated a nonprofit venue and used telephones, social media, and the internet. Those
allegations, even if accepted as true, do not plausibly establish enterprise coverage absent factual
allegations demonstrating interstate commercial activity or satisfaction of the statutory revenue
threshold. Those allegations, without additional factual allegations demonstrating interstate
commercial activity or interstate business operations, do not plausibly establish enterprise
coverage.

Plaintiff's response makes it clear that Plaintiff is asking this Court to presume that facts
necessary for enterprise coverage will later be found, even though Plaintiff cannot even articulate
what those facts might be right now. This does not meet the plausibility standard to defeat a

motion to dismiss as conclusionary and general allegations are not sufficient to nudge his claim across the line from conceivable to plausible. *See Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

.

**B. Incidental Use of a Telephone and Social Media Does Not Establish Individual Coverage**

Plaintiff argues that her employment as a General Manager[1] is covered under the FLSA because she used a telephone and posted on social media. Plaintiff reads the cited authorities far more broadly than their holdings permit.

While individual coverage may apply to employees who "regularly and recurrently use an instrument of interstate commerce," *Reagor v. Okmulgee Cty. Family Res. Ctr., Inc.*, 501 F. App'x 805, 809 (10th Cir. 2012), such use must be direct, regular, and central to the employee's duties—not incidental. Plaintiff identifies no allegations showing that he regularly processed interstate transactions, shipped goods across state lines, or otherwise participated directly in the channels of interstate commerce.

Plaintiff's overbroad interpretation would effectively extend individual FLSA coverage to virtually every modern employee who uses a cell phone, email, or social media as part of their job. Plaintiff's alleged use of the telephone and social media to communicate with local patrons or promote local events is precisely the kind of isolated or incidental contact that does not establish individual coverage.

**C. Plaintiff Relies on Empty, Group-Pleaded Conclusions to Target Leah Hagemann Individually**

To state an FLSA claim against Leah Hagemann individually, Plaintiff must allege specific facts demonstrating her operational control under the economic realities test. Instead, the Complaint attributes nearly every allegation collectively to "Defendants" without distinguishing what actions were taken by Knew Conscious versus Ms. Hagemann individually.

This undifferentiated group pleading does not satisfy Rule 8, especially where individual liability depends upon specific, personal conduct and authority—not merely a job title. In her

---

[1] In the Complaint, Plaintiff pleads that she was the lead web developer and venue security. This appears to be a new claim that Ms. McBee was a General Manager or Plaintiff is simply copying the response from Civil Actions No. 1:25-cv-03554-SKC-SBP, Jeffrey Barlow v Knew Conscious Collective Inc, et al.

Response, Plaintiff simply points back to the Complaint and recites the exact legal factors of the economic realities test.

Parroting legal elements—alleging generally that Hagemann had the power to hire, fire, and set schedules—is the exact type of "formulaic recitation" that *Twombly* and *Iqbal* forbid. Plaintiff does not allege a single specific conversation, payroll decision, or operational action taken by Ms. Hagemann that would satisfy the economic realities test. The claim against her must be dismissed.

.

**D Plaintiff's Collective Action Allegations Cannot Stand.**

In Section E of her Response, Plaintiff argues that challenging collective treatment is "premature" prior to discovery, citing the lenient "notice stage" standard under *Perez v. Denco Constr. LLC*. This argument misses the mark.

A plaintiff cannot maintain a collective action under 29 U.S.C. § 216(b) if they cannot state a plausible collective claim in the first place. Because Plaintiff fails to plausibly allege either individual or enterprise coverage under the FLSA, she lacks standing to represent himself, let alone a collective of "similarly situated" individuals. More importantly, Plaintiff's claims a personal to Plaintiff and there are no factual allegations that warrant collective treatment of Plaintiff's personal claims. A collective action cannot survive on the back of an individually deficient complaint.

.

**E. Collective and Prospective Claims Against a Dissolved Entity Are Futile**

Plaintiff argues that under Colorado law, a dissolved corporation can still be sued to wind up its affairs. While Colorado Revised Statutes § 7-114-105 permits a dissolved corporation to discharge liabilities, Plaintiff completely ignores the practical and legal impossibility of his collective action and prospective claims.

Knew Conscious has ceased all operations, has no employees, and has no ongoing business. Therefore, Plaintiff's demands for prospective injunctive relief and collective action administration are moot. Although dissolution does not extinguish accrued claims, the cessation of Knew Conscious's operations substantially undermines Plaintiff's request for prospective relief and further illustrates the speculative nature of any request for collective treatment. Although accrued claims may survive dissolution, Plaintiff has alleged no facts demonstrating that

4

prospective relief or collective treatment remains appropriate following the cessation of Knew Conscious's operations.

**F. The Court Should Decline Allowing Plaintiff to Replead**

Plaintiff requests leave to amend his Complaint in the event of dismissal. However, the Court should deny leave when amendment would be futile.

Rather than identifying any actual, additional facts that could cure these pleading deficiencies, Plaintiff instead argues that discovery is necessary to determine whether those facts even exist. Under *Twombly* and *Iqbal*, discovery is not a substitute for plausible factual allegations. Because Plaintiff has given no indication that he can plead any additional facts to establish FLSA coverage, leave to amend should be denied as futile.

**III.     REQUEST FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court **GRANT** Defendants' Motion to Dismiss, dismiss Plaintiff's FLSA claims with prejudice pursuant to Rule 12(b)(6), decline to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3), and award such other and further relief as the Court deems just and proper.

Dated July 15, 2026

> Respectfully submitted,
> CREER LAW LLC
> By: /s/ Gregory R. Creer_____
> Gregory R. Creer
> Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of July, 2026, I electronically filed the foregoing DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to the parties and their counsel of record as registered thereon:

> Emanuel Kataev, Esq.
> SAGE LEGAL LLC
> 18211 Jamaica Avenue
> Jamaica, NY  11423

5

Email: emanuel@sagelegal.nyc

/s Gregory R. Creer